IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)  LUTHER HYSLOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  17-CV-285-SPS |
| | ) | *(formerly District Court of Muskogee* |
| | ) | *County; Case No. CJ-2017-109)* |
| 1)  CSAA FIRE AND CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 and 1446, the Defendant, CSAA Fire and Casualty Insurance

Company ("CSAA"), hereby removes the above-captioned action from the District Court of

Muskogee County, State of Oklahoma, to this Court.  Pursuant to LCvR 81.2, a copy of the State

Court docket sheet as well as all documents filed or served in the State Court action are attached

hereto as **EXHIBITS 1 - 11**.

The removal of this case to federal court is based on the following:

### FACTUAL BACKGROUND

1.       Plaintiff, Luther Hyslop ("Plaintiff"), commenced this action against CSAA in the

District Court of Muskogee County, State of Oklahoma, on or about March 22, 2017. (*See generally*

Petition, **EXHIBIT 2**.)

2.       Plaintiff alleges that on or about May 9, 2016, his property was severely damaged as

a direct result of a fire and/or wind/hailstorm.  (*See* Petition, ¶¶ 6 & 7, **EXHIBIT 2**.)

3.       At the time of the fire and/or wind/hailstorm, Plaintiff's property was insured under

a Homeowner's Policy, HO33992235, issued by CSAA.  (*See* Petition, ¶ 4, **EXHIBIT 2**.)

4.      According to Plaintiff, CSAA "denied that most of the cause of Plaintiff's property damage claim was due to wind/hailstorm, and that the loss was covered under the terms and conditions of the Policy with [CSAA]." (*See* Petition, ¶ 8, **EXHIBIT 2**.)

5.      Plaintiff claims that although he "has complied with the terms and conditions and all conditions precedent under the Policy," CSAA breached its contract with Plaintiff by "failing to fully indemnify Plaintiff for losses covered by the contract of insurance[.]" (*See* Petition, ¶ 14, **EXHIBIT 2**.)

6.      Plaintiff further asserts a conclusory bad faith claim against CSAA. (*See* Petition, ¶¶ 18-24, **EXHIBIT 2**.)

7.      Plaintiff's Petition demands damages in excess of $75,000.00, exclusive of attorney fees, costs and interest.  Plaintiff demands damages in excess of $10,000.00 for his breach of contract claim. (*See* Petition, ¶ 17, **EXHIBIT 2**.)  Plaintiff demands damages in excess of $10,000.00 for his bad faith claim. (*See* Petition, ¶ 25, **EXHIBIT 2**.)  Plaintiff demands punitive damages "in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code." (*See* Petition, ¶ 27, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

8.      "'Federal Courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

9.      At the time the Petition was filed, federal question jurisdiction did not exist.  There were no allegations that the Constitution or any federal statute had been violated. (*See generally,* Petition, **EXHIBIT 2**.)

10.     However, as of the moment Plaintiff filed his Petition, diversity jurisdiction existed. As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action over which this Court has original jurisdiction.  Specifically, this case is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the State of Oklahoma.  *See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).  (*See* Petition, ¶ 1, **EXHIBIT 2**.)  Plaintiff was not a citizen of the State of Indiana or California.

12.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State in which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

13.     At the time of filing, CSAA was a foreign corporation, incorporated under the laws of the State of Indiana with its "nerve center" or "principal place of business" in California.  (*See* NAIC Company Demographics for CSAA Fire and Casualty Insurance Company, **EXHIBIT 12**.) Thus, CSAA was deemed to be a citizen of Indiana and California.  CSAA was not a citizen of the State of Oklahoma.

14.     As Plaintiff and CSAA are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

15.   Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the present case, this requirement is also met.

16.   The Tenth Circuit Court of Appeals has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiffs are seeking in excess of $75,000.00.

17.   Specifically, Plaintiff demands damages in excess of $10,000.00 for his breach of contract claim.  (*See* Petition, ¶ 17, **EXHIBIT 2**.)  Plaintiff demands damages in excess of $10,000.00 for his bad faith claim.  (*See* Petition, ¶ 25, **EXHIBIT 2**.)  Plaintiff demands punitive damages "in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code." (*See* Petition, ¶ 27, **EXHIBIT 2**.)

18.   Therefore, based on the foregoing, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

19.   As discussed below, pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.

20.   CSAA is a foreign insurer licensed to do business in the State of Oklahoma.  (*See* NAIC Company Demographics, **EXHIBIT 12**.) Therefore, pursuant to 36 O.S. § 621(B), Plaintiff was required to serve CSAA with this lawsuit by serving a copy of the Summons and Petition on Oklahoma's Insurance Commissioner.  *See* 36 O.S. § 621(B).

21.   Although Oklahoma law is clear, Plaintiff did not attempt to serve CSAA with this lawsuit through the Oklahoma Insurance Commissioner.  Rather, on or about April 25, 2017,

Plaintiff attempted to serve CSAA by personally delivering a copy of said documents to the CT

Corporation in Los Angeles, California. (*See* Proof of Service and Acknowledgment, **EXHIBIT 13**.)

22.      On or about June 7, 2017, Plaintiff filed a "Motion for Entry of No Answer Default

Judgment" representing that he had obtained proper service on CSAA. (*See* Motion for Entry of No

Answer Default , **EXHIBIT 5**.)

23.      Again, Plaintiff attempted to serve CSAA with said Motion through the CT

Corporation in Los Angeles, California. Specifically, on or about June 1, 2017, Plaintiff sent this

Motion to the CT Corporation *via* U.S. Mail. (*See* Motion for Entry of No Answer Default

Judgment, Certificate of Service, **EXHIBIT 5**; Transmittal Letter from CT Corporation, **EXHIBIT 14**;

Envelope addressed to the CT Corporation, **EXHIBIT 15**.)

24.      The CT Corporation received Plaintiff's Motion on June 6, 2017. (*See* Transmittal

Letter from CT Corporation, **EXHIBIT 14**.)

25.      Sometime thereafter, Plaintiff's Motion for Default Judgment made its way to CSAA.

26.      According to the docket sheet, on June 7, 2017, the District Court of Muskogee

County, State of Oklahoma, entered default judgment against CSAA and set the matter of damages

for hearing. (*See* Order Entering No-Answer Default, **EXHIBIT 6**.)

27.      On July 19, 2017, the District Court of Muskogee County, State of Oklahoma, entered

an Order vacating the default judgment Plaintiff improperly obtained in that court. As demonstrated

by that Order, rather than requiring Plaintiff to go through the process of having an alias summons

issued and serving said summons on the Insurance Commissioner, CSAA agreed to allow the

undersigned counsel to accept service on its behalf. The Order further demonstrates that the parties

have stipulated that the date of service is deemed to be July 19, 2017, the date the District Court of

Muskogee County, State of Oklahoma, vacated the improperly obtained default judgment.  (*See*

Order Vacating Default Judgment, **EXHIBIT 11**.)

       28.     In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*,526 U.S. 344 (1999),

abrogating *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839 and *Roe v. O'Donohue*, 38 F.3d 298, the

United States Supreme Court resolved the disagreement among the lower courts regarding "whether

service of process is a prerequisite for the running of the 30-day removal period under § 1446(b)[.]"

*Id.* at 349.  In that case, the Supreme Court recognized that "[s]ervice of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named

defendant." *Id* at 350.  Accordingly, the Supreme Court concluded that the thirty-day (30) removal

period does not begin to run until proper service is obtained on the removing defendant. Specifically,

the Court stated:

> [O]ne becomes a party officially, and is required to take action in that
> capacity, only upon service of a summons or other authority-asserting
> measure stating the time within which the party served must appear
> and defend . . . . Unless a named defendant agrees to waive service,
> the summons continues to function as the *sine qua non* directing an
> individual or entity to participate in a civil action or forgo procedural
> or substantive rights.

*Id.*  As the Supreme Court explained, "it would take a clearer statement than Congress has made to

read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a

change—to set removal apart from all other responsive acts, to render removal the sole instance in

which one's procedural rights slip away before service of a summons, i.e., before one is subject to

any court's authority. *Id.* at 356; *see also Estate of Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F.Supp.

333, 336 (W.D.N.Y 1992) ("proper service is a prerequisite to commencement of the removal

period" citing *Love v. State Farm Mut. Auto. Ins. Co.*, 542 F. Supp. 65, 68 (N.D.Fa. 1982); *Hall v.*

*MSA Ins. Co.*, SA-14-CA-276-FB, 2014 WL 12496574, at *1 (W.D. Tex. 2014) (denying the

plaintiff's motion to remand finding "proper service was a prerequisite to commencement of the removal period.").

29.     As the above-cited authority demonstrates, although Plaintiff attempted to serve CSAA with this lawsuit in April, 2017, the attempted service did not comply with Oklahoma law and did not trigger the removal window. The removal window was not triggered until July 19, 2017, when CSAA agreed to allow its counsel of record to accept service on its behalf.

30.     Therefore, this Notice of Removal is timely filed because its has not been thirty (30) days since CSAA was *properly* served with this lawsuit.  *See* 28 U.S.C. § 1446(b) and *Murphy Brothers, Inc.*,526 U.S. 344.  Additionally, it has not been one year since the commencement of this Action.  (*See generally*, Petition, filed on March 22, 2017, **EXHIBIT 2**.)

31.     This action has been removed to the proper federal district court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "[t]he District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Muskogee County, State of Oklahoma.  The Eastern District of Oklahoma includes the county of Muskogee County.  *See* 28 U.S.C. § 116(b).  Therefore, removal to this Court is proper.

32.     Pursuant to 28 U.S.C. § 1446(d), CSAA will serve written notice of the filing of this Notice of Removal upon Plaintiff.  CSAA has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, the Defendant, CSAA Fire and Casualty Insurance Company, removes this action from the District Court in and for Muskogee County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

Respectfully submitted,

s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
**ATTORNEYS FOR DEFENDANT,**
**CSAA FIRE AND CASUALTY INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

William F. Merlin, Jr., Esquire
MERLIN LAW GROUP, P.A.
515 Post Oak Boulevard, Suite 750
Houston, Texas 77027

Ms. Paula Sexton
Muskogee County Court Clerk
220 State Street
Post Office Box 1350
Muskogee, Oklahoma  74402

s/ Erin J. Rooney
For the Firm

8