# EXHIBIT 2

IN THE DISTRICT COURT OF MUSKOGEE COUNTY
STATE OF OKLAHOMA

LUTHER HYSLOP                          )(
                                       )(
        Plaintiff,                     )(
                                       )(
v.                                     )(    Case No. _CJ-17-109_____
                                       )(
CSAA FIRE AND CASUALTY                 )(
INSURANCE COMPANY                      )(
                                       )(
        Defendant.                     )(



## PETITION

**COMES NOW** the Plaintiff, **LUTHER HYSLOP**, (hereinafter

"Plaintiff"), and for its causes of action against Defendant, **CSAA FIRE AND**

**CASUALTY INSURANCE COMPANY**, (hereinafter referred to as

"Defendant"), does hereby allege and state as follows:

### STATEMENT OF FACTS

1.    Plaintiff is situated in Muskogee County, Oklahoma. Plaintiff has an
      insurable interest in the property located at 30047 Highway 2. Porum, OK
      74455, (hereinafter referred to as "Dwelling").

2.    Defendant is an insurance company incorporated under the laws of the State
      of Indiana, and is registered to engage in the business of insurance in the
      State of Oklahoma.

3.    Plaintiff entered into a contract for insurance with Defendant to provide
      coverage for its property and its contents. Plaintiff's insured property is
      located in Muskogee County, Oklahoma.

1

4.   Defendant issued the residential policy of insurance, Policy HO3-00399235 (the "Policy"), to the Plaintiff.

5.   Defendant represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiff relied on said representations.

6.   On or about May 9, 2016, the Dwelling insured under the Policy was severely damaged as a direct result of a fire.

7.   Plaintiff timely and properly submitted a claim to Defendant, for the property damage incurred due to the wind/hailstorm.

8.   Defendant assigned a claim number of 1001-45-6796, but denied that most of the cause of Plaintiff's property damage claim was due to wind/hailstorm, and that the loss was covered under the terms and conditions of the Policy with Defendant.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

9.   Plaintiff adopts and incorporates by reference paragraphs 1 through 8 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

10.  Plaintiff entered into a contract for insurance with Defendant to provide coverage for the Dwelling, business loss, and business personal property.

11.  At all times material hereto, the Policy, No. PBP 2063808, was in full force and effect.

2

12.   Plaintiff provided timely and proper notice of its claim of all covered damages resulting from the fire.

13.   Plaintiff has complied with the terms and conditions and all conditions precedent under the Policy.

14.   By failing to fully indemnify Plaintiff for losses covered by the contract of insurance, Defendant has breached its contractual obligations under the terms and conditions of the Policy with Plaintiff by failing to pay Plaintiff all benefits owed.

15.   Defendant's conduct is the proximate cause of Plaintiff's damages.

16.   As a result of the Defendant's breach of contract the Plaintiff has sustained financial losses.

17.   As a result of Defendant's breach of contract and Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

18.   Plaintiff adopts and incorporates by reference paragraphs 1 through 17 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

19.   Defendant owed a duty to Plaintiff to deal fairly and act in good faith.

20.   Defendant breached their duty to deal fairly and act in good faith by failing

3

to timely and properly investigate, evaluate and/or pay the Plaintiff's claim.

21.    Defendant's obligations to the Plaintiff arise from both express written terms under the Policy as well as implied obligations under Oklahoma law.

22.    Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

23.    As a direct and proximate result of Defendant's bad faith conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, and to the damage and detriment of Plaintiff.

24.    As a result of the Defendant's conduct, the Plaintiff has sustained financial losses.

25.    As a result of Defendant's conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

26.    The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

27.    The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

28.    Plaintiff further alleges Defendant benfited from increased financial

4

benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendant, STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, as follows:

a.   Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to its Dwelling and personal property caused by the May 9, 2016 fire, together with interest on all amounts due;

b.   Disgorgement of the increased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c.   Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00), and

d.   Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

5

Respectfully submitted,

**MERLIN LAW GROUP**

Patrick Connell McGinnis, OBA # 32561
TX State Bar No.: 13631900
515 Post Oak Blvd., Suite 750
Houston, Texas 77027
pmcginnis@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEY FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**

6